**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MARYANN COTTRELL and
RICHARD HOLLAND,

       Plaintiffs,

   v.

J&R DISCOUNT LIQUOR GALLERY,
INC., and DAVID J. STROUT,
JR.,

       Defendants.

CIVIL NO. 08-5418(NLH)(AMD)

**OPINION**

**APPEARANCES:**
Wesley Glenn Hanna, Esquire
Friedman Doherty, LLC
125 North Route 73
West Berlin, NJ 08091
    *On behalf of plaintiffs*

Mark B. Shoemaker, Esquire
Ward Shoemaker LLC
36 Euclid Street
P.O. Box 685
Woodbury, NJ 08096
    *On behalf of defendants*

**HILLMAN**, District Judge

    This matter involves plaintiffs' claims that defendants
violated the Americans with Disabilities Act and New Jersey's Law
Against Discrimination when they allowed non-handicapped-marked
vehicles to park in handicapped parking spaces, and when they
banned plaintiffs from entering the premises.  Defendants have
moved to dismiss plaintiffs' complaint and for sanctions.  For the
reasons expressed below defendants' motion to dismiss will be
granted in part and denied in part, and their motion for sanctions
will be denied.

## BACKGROUND

Plaintiff Maryann Cottrell is the mother of a severely disabled daughter, and she and plaintiff Richard Holland share the responsibility of her care.  Plaintiffs are advocates for the disabled, and they inform local authorities about businesses that fail to maintain handicap accessible parking and/or fail to discourage unauthorized use of handicapped parking spaces.  With regard to defendant J&R Discount Liquors, plaintiffs claim that they observed on several occasions vehicles not tagged for handicapped parking parked in reserved spaces.  Plaintiffs filed citizens complaints each time they made such observations. Plaintiffs also claim that as a result of their enforcement activities, defendants attempted to intimidate them into ceasing their enforcement activities, and ultimately banned plaintiffs from accessing the premises.

Based on defendants' alleged conduct, plaintiffs claim that they violated the American with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").[1]  Specifically, plaintiffs allege that they suffered discrimination in violation of the ADA and NJLAD when defendants parked or maintained a policy of allowing

_____

[1]Plaintiffs have also filed a claim, Count V, which alleges a general violation of their civil rights.  Plaintiffs cite to the ADA and NJLAD.  This claim is simply plaintiffs' ADA and NJLAD claims recast under the title of "civil rights" and must be dismissed.

others to park vehicles in spaces reserved for the disabled.
Plaintiffs also allege that when defendants banned plaintiffs from
the liquor store premises, it was a violation of the ADA and NJLAD
because it constituted unlawful retaliation for their availment of
their rights under the ADA and NJLAD.

Defendants have moved to dismiss plaintiffs' claims on several
bases.  First, defendants argue that plaintiffs lack standing to
bring these claims.  Defendants also argue that the ADA claims can
only be brought against an employer.  Finally, defendants argue
that plaintiffs have failed to allege facts sufficient to support
their claims.

Defendants have also moved for sanctions pursuant to Federal
Civil Procedure Rule 11.  They argue that due to an opinion and
order issued by Judge Robert Kugler several days prior to the
filing of their complaint here, plaintiffs should have known that
their complaint was not viable.

Plaintiffs have opposed both of defendants' motions.

## DISCUSSION

### I.   Jurisdiction

Plaintiffs have brought their claims pursuant to 42 U.S.C. §
1983, as well as pursuant to New Jersey state law.  This Court has
jurisdiction over plaintiffs' federal claims under 28 U.S.C. §
1331, and supplemental jurisdiction over plaintiffs' state law
claims under 28 U.S.C. § 1367.

## II.   Defendant's Motion to Dismiss

### A.    Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting

Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other

matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**B.    Analysis**

1.    ***Whether plaintiffs lack standing to bring their claims***

Defendants argue that plaintiffs' complaint must be dismissed for the reasons articulated by Judge Kugler in a recent opinion he issued in a case involving the same plaintiffs alleging the same conduct, albeit with different defendants.  In that case, <u>Cottrell v. Good Wheels</u>, Civil Action No. 08-1738, plaintiffs filed an almost identical complaint as filed in this case, alleging similar violations of the ADA and NJLAD as to the defendant Good Wheels car dealership.  In an opinion addressing Good Wheels' motion to dismiss, Judge Kugler noted that Good Wheels argued that plaintiffs lacked standing, but Good Wheels did not provide any support for that argument.  Judge Kugler then noted the standard for analyzing standing, and determined that plaintiffs' complaint failed to allege that they suffered an injury-in-fact, a causal connection between the injury and conduct about which they complain, and whether the injury would be addressed by a favorable decision by the court--all required elements for Article III standing.  (Docket No. 11, at 7, referring to <u>Trump Hotels & Casino Resorts, Inc. v.</u>

Mirage Resorts, Inc., 140 F.3d 478 484-85 (3d Cir. 1998); Lujan v.

Defenders of Wildlife, 504 U.S. 555, 560 (1992).)  Consequently,

Judge Kugler denied defendant's motion to dismiss without

prejudice, and allowed plaintiffs to file an amended complaint to

attempt to address the issue of standing.  (Id. at 8.)  Defendants

argue that plaintiffs have similarly failed to allege the necessary

elements for establishing that they have standing to bring their

claims here.

    Defendants are correct that plaintiffs do not have standing to

maintain their discrimination claims, but they have alleged

sufficient facts to establish standing to assert their retaliation

claims.[2]  First, with regard to plaintiff's discrimination claims,

---

[2]The doctrine of standing is based both on prudential
concerns and on constitutional limitations on the jurisdiction of
the federal courts.  Bennett v. Spear, 520 U.S. 154, 162 (1997).
In order to establish an injury in fact, a plaintiff must have
suffered an invasion of a legally protected interest which is (a)
concrete and particularized and (b) actual or imminent, not
conjectural or hypothetical.  Lujan v. Defenders of Wildlife, 504
U.S. 555, 560 (1992) (citations omitted).  Additionally, there
must be a causal connection between the injury and the conduct
complained of; that is, the injury has to be fairly traceable to
the challenged action of the defendant, and not the result of the
independent action of some third party not before the court.  Id.
(citations omitted).  It must also be "likely," as opposed to
merely "speculative," that the injury will be redressed by a
favorable decision.  Id. at 561. (citations omitted).
    Plaintiffs make a passing reference to "associational
standing."  Under this theory, an association may pursue claims
solely as a representative of its members, rather than for any
injuries the association directly sustains itself.  Pennsylvania
Psychiatric Soc. v. Green Spring Health Services, Inc., 280 F.3d
278, 283 (3d Cir. 2002) (discussing Supreme Court cases).  In
order for an association to avail itself of this basis for
standing, an association must demonstrate that "'(a) its members

the ADA and NJLAD both proscribe discrimination based on a person's

disability in places of public accommodation.[3]  42 U.S.C. § 12182;

N.J.S.A. 10:5-12(f).  An element of a plaintiff's prima facie case

for discrimination claims arising under the ADA and NJLAD is that

_____

would otherwise have standing to sue in their own right; (b) the
interests it seeks to protect are germane to the organization's
purpose; and (c) neither the claim asserted nor the relief
requested requires the participation of individual members in the
lawsuit.'" Id. (quoting Hunt v. Wash. State Apple Adver. Comm'n,
432 U.S. 333, 343 (1977)).  Associational standing is
inapplicable here because there is no organizational plaintiff,
and the two individual plaintiffs, if they organized themselves
into an association, do not have standing to sue for
discrimination in their own right.

        [3]The ADA provides, "No individual shall be discriminated
against on the basis of disability in the full and equal
enjoyment of the goods, services, facilities, privileges,
advantages, or accommodations of any place of public
accommodation by any person who owns, leases (or leases to), or
operates a place of public accommodation."  42 U.S.C. § 12182.

        The NJLAD provides, "For . . . any place of public
accommodation directly or indirectly to refuse, withhold from or
deny to any person any of the accommodations, advantages,
facilities or privileges thereof, or to discriminate against any
person in the furnishing thereof, or directly or indirectly . . .
on account of . . . disability ."  N.J.S.A. 10:5-12(f).

        Neither party disputes that J&R Liquors is a place of public
accommodation.  See Thomas v. County of Camden,  902 A.2d 327,
332 (N.J. Super. Ct. App. Div. 2006) ("Generally, in the context
of private entities, from commercial to membership organizations
providing services to the public, we have developed standards to
help determine whether the entity qualifies as a public
accommodation. In this regard, our "'focus appropriately rests on
whether the entity 'engages in broad public solicitation, whether
it maintains close relationships with the government or other
public accommodations, or whether it is similar to enumerated or
other previously recognized public accommodations.'").

the plaintiff is disabled.  In order to succeed on a discrimination claim under the ADA, a plaintiff must prove that he was discriminated against on the basis of his disability.  Access 4 All, Inc. v. ANI Associates, Inc., 2007 WL 2793373, 5 (D.N.J. 2007); Lee v. Sherrer, 2009 WL 901777, 5 (D.N.J. 2009); see also Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 806 (1999) ("An ADA plaintiff bears the burden of proving that she is a 'qualified individual with a disability.'").  A plaintiff must prove the same thing for a NJLAD claim.  D.B. v. Bloom, 896 F. Supp. 166, 171 (D.N.J. 1995) (explaining that one of the elements of a prima facie case for a discrimination claim based on denied access to a place of public accommodation is that the plaintiff is disabled); Olson v. General Elec. Astrospace, 101 F.3d 947, 956 (3d Cir. 1996) (noting that it is a plaintiff's burden to prove he is disabled in order to support a NJLAD discrimination claim); Victor v. State, 952 A.2d 493, 501 (N.J. Super. Ct. App. Div. 2008) ("New Jersey courts have articulated the elements of a prima facie case of discrimination, identifying the following common factors: (1) plaintiff was handicapped or disabled within the meaning of the statute . . . .").

Here, plaintiffs are not disabled.  Ms. Cottrell is the mother of a disabled child, and Mr. Holland is Ms. Cottrell's companion and fellow caregiver.  The disabled child is not a plaintiff in this case.  It is only because of plaintiffs' relationship with the

9

disabled child, who plaintiffs state requires constant care and

attention, that they are lawfully entitled to park in handicapped

parking spaces.  Thus, although plaintiffs claim that they were

unable to park in the handicapped spaces at J&R Liquors because

unauthorized vehicles were parked there, and although plaintiffs

are legally permitted to park in those spots, they were not denied

access to a place of public accommodation because of *their*

disability.  Plaintiffs have not provided any basis that the ADA

and NJLAD requirement that a plaintiff be disabled should be

extended to include caregivers of a disabled person.  Simply

because a person is authorized by law to park in a handicapped

space does not mean he is "disabled" in the context of an ADA or

NJLAD discrimination claim.  Furthermore, it is axiomatic that the

purpose of plaintiffs' ability to park in handicapped spaces is for

the benefit of their disabled child, and it is therefore

questionable what benefit Ms. Cottrell's daughter is being denied

when plaintiffs cannot park at a liquor store.[4]  Consequently,

---

[4]Plaintiffs cite to Doran v. 7-Eleven, Inc., 524 F.3d 1034,
1041 (9th Cir. 2008) for the proposition that claims for
handicapped parking violations are cognizable under the ADA.  The
Court does not dispute that a disabled plaintiff may state a
cause of action for public accommodation discrimination when that
disabled plaintiff is unable to park in the designated
handicapped parking spaces.  See also Estate of Nicolas v. Ocean
Plaza Condominium Ass'n, Inc., 909 A.2d 1144, 1153 (N.J. Super.
Ct. App. Div. 2006) (holding that a disabled person may maintain
a cause of action for a condominium association's failure to
provide handicapped parking).  These cases does not support
plaintiffs' argument that they have standing to assert such a
claim, however, because the cases involved wheelchair-bound

because plaintiffs are not disabled, they do not have standing to

bring a discrimination claim under the ADA or NJLAD.  See Lujan v.

Defenders of Wildlife, 504 U.S. 555, 560 (1992) (providing that in

order to establish an injury in fact, a plaintiff must have

suffered an invasion of a legally protected interest).

Conversely, plaintiffs do have standing to assert a

retaliation claim.  In contrast to a discrimination claim, a claim

for retaliation under the ADA and NJLAD does not require a

plaintiff to demonstrate that he is disabled.  The ADA and NJLAD

make it unlawful to retaliate against or intimidate any individual

because he or she has opposed any act or practice made unlawful by

the ADA or NLJAD.[5]  42 U.S.C. § 12203; N.J.S.A. 10:5-12(d)(e);

_____

plaintiffs who were personally affected by the parking problems.

[5]The ADA provides,

(a) Retaliation
No person shall discriminate against any individual because
such individual has opposed any act or practice made unlawful by
this chapter or because such individual made a charge, testified,
assisted, or participated in any manner in an investigation,
proceeding, or hearing under this chapter.

(b) Interference, coercion, or intimidation
It shall be unlawful to coerce, intimidate, threaten, or
interfere with any individual in the exercise or enjoyment of, or
on account of his or her having exercised or enjoyed, or on
account of his or her having aided or encouraged any other
individual in the exercise or enjoyment of, any right granted or
protected by this chapter.

42 U.S.C. § 12203.

The NJLAD provides,

Krouse v. American Sterilizer Co., 126 F.3d 494, 502 (3d Cir. 1997)

("Unlike a plaintiff in an ADA discrimination case, a plaintiff in

an ADA retaliation case need not establish that he is a 'qualified

individual with a disability.'").

Plaintiffs claim that they were retaliated against because

they filed citizens complaints against defendants for their failure

to make accessible handicapped parking for the disabled liquor

store patrons.  The claimed retaliation came in the form of being

banned from the premises, which plaintiffs term a revocation of

their business invitee status, and threatened with trespass charges

if they did return.  Taking these allegations as true, as the Court

must do in deciding a motion to dismiss, plaintiffs have alleged

sufficient facts to state a claim for retaliation.[6]  More facts

---

It shall be unlawful discrimination . . .

d.    For any person to take reprisals against any person
because that person has opposed any practices or acts forbidden
under this act or because that person has filed a complaint,
testified or assisted in any proceeding under this act or to
coerce, intimidate, threaten or interfere with any person in the
exercise or enjoyment of, or on account of that person having
aided or encouraged any other person in the exercise or enjoyment
of, any right granted or protected by this act.

e. For any person, whether an employer or an employee or
not, to aid, abet, incite, compel or coerce the doing of any of
the acts forbidden under this act, or to attempt to do so.

N.J.S.A. 10:5-12.

[6]Defendants argue that retaliation claims are limited to the
employment context.  Although the majority of ADA and NJLAD cases
arise in the employment context, the statutes are not limited to
employer/employee relationships.  See, e.g., PGA Tour, Inc. v.

gathered through discovery will determine whether plaintiffs can

ultimately prevail on these claims.[7]  See Phillips v. County of

Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating ... a claim

---

Martin, 532 U.S. 661, 675 (2001) ("To effectuate its sweeping
purpose, the ADA forbids discrimination against disabled
individuals in major areas of public life, among them employment
(Title I of the Act), public services (Title II), and public
accommodations (Title III)."); Olson v. General Elec. Astrospace,
101 F.3d 947, 956 (3d Cir. 1996) (quoting Andersen v. Exxon Co.,
U.S.A., 446 A.2d 486 (N.J. 1982)) ("'As remedial legislation, the
[LAD] should be construed with that high degree of liberality
which comports with the preeminent social significance of its
purposes and objects. Since the inception of the [LAD], our
courts have repeatedly recognized its humanitarian concerns, its
remedial nature and the liberal construction accorded it. The
paramount purpose of the statute is to secure to handicapped
individuals full and equal access to society, bounded only by the
actual physical limits that they cannot surmount.'").
       Defendants also cite to Veneziano v. Long Island Pipe
Fabrication & Supply Corp., 238 F. Supp. 2d 683, 689 (D.N.J.
2002) for the proposition that the ADA retaliation provision only
applies to employers.  That case does not exactly stand for that
proposition, and, regardless, the language of the anti-
retaliation provision does not make such a distinction, as it
clearly applies to "subchapter III," which concerns public
accommodations.  See 42 U.S.C.A. § 12203(c) ("The remedies and
procedures available under sections 12117 [employment], 12133
[public services], and 12188 [public accommodations] of this
title shall be available to aggrieved persons for violations of
subsections (a) and (b) of this section, with respect to
subchapter I, subchapter II and subchapter III of this chapter,
respectively.").

       [7]Defendants point out that the numerous citizens complaints
filed against them by plaintiffs were dismissed for failure of
proof.  Not only have defendants not provided any proof to
support that contention, on a motion to dismiss, the Court may
only consider the allegations in the complaint.  Southern Cross
Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d
410, 426 (3d Cir. 1999).  If defendants had submitted such proof,
and the Court were to consider it, defendants' motion would have
been converted to one for summary judgment.  Fed. R. Civ. P.
12(b).

requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"); see also Rothman v. City of Chicago, 2003 WL 21148180, *7 (N.D. Ill. 2003) (stating that in a case where a sale of property went sour, where plaintiff, an epileptic, alleged that defendants, realtors, a finance company, and a law firm, filed a criminal contempt petition against him because he filed suit against defendants alleging a violation of the ADA, finding that plaintiff sufficiently pleaded a cause of action for retaliation under the ADA); cf. Sporn v. Ocean Colony Condominium Ass'n, 173 F. Supp. 2d 244, 253-54 (D.N.J. 2001) (in case where condominium owners complained about children being excluded from condominium association's adult lounge, finding it would be "simply [] stretching the definition of 'interference' too far if it were to hold that a lack of friendliness and civility between neighbors caused by a dispute over the use of their Condominium constitutes a violation of the LAD.  While there are, no doubt, a variety of ways that these Defendants could have unlawfully retaliated against Plaintiffs under the LAD, mere "shunning", without more, is not one of them").  Consequently, plaintiffs' retaliation claims under the ADA and NJLAD may

proceed.[8]

## 2.   Defendants' motion for sanctions

Defendants have moved for sanctions pursuant to Federal Civil Procedure Rule 11.  Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'"  Lieb v. Topstone Indus. Inc., 788 F.2d 151, 157 (3d Cir. 1986).  Specifically, Rule 11 requires that an attorney certify that any pleading, written motion or other paper presented to the court (1) is not presented for any improper purpose such as to harass or increase the costs of litigation, and (2) the legal contentions contained "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law."  Fed. R. Civ. P. 11(b)(1), (2).   Rule 11 sanctions are "aimed at curbing abuses of the judicial system," Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 397 (1990), and "intended to discourage the filing of frivolous, unsupported, or unreasonable claims," Leuallen v. Borough of Paulsboro, 180 F.

---

[8]It is worth noting here that plaintiffs' damages for a retaliation claim under the ADA are limited to equitable relief. See Shellenberger v. Summit Bancorp., Inc., 2006 WL 1531792, *4 (E.D. Pa. 2006).  In contrast, "[a]ll remedies available in common law tort actions shall be available to prevailing plaintiffs" for a successful NJLAD retaliation claim.  N.J.S.A. 10:5-13.

Supp. 2d 615, 618 (D.N.J. 2002).

Here, defendants argue that plaintiffs should have known that their complaint was frivolous because Judge Kugler found just days earlier that plaintiffs lacked standing to bring an almost identical complaint. Defendants' argument has some merit, in that plaintiffs should have been alerted that their pleadings may be deficient. Plaintiffs are not subject to sanctions, however, for two reasons. First, this Court has found, based on the complaint as plaintiffs filed it, that they have standing to assert two of their claims. Even though Judge Kugler did not find the allegations in the complaint before him to be sufficient to assert standing, plaintiffs' pleadings here are not completely deficient in that regard, despite the similarities in the cases. Furthermore, Judge Kugler did not dismiss their case, but rather allowed them to amend their complaint. Defendants have not informed this Court that plaintiffs' amended complaint before Judge Kugler was also insufficient.

Second, and corollary to the first reason, defendants have not demonstrated that plaintiffs have presented their claims for an improper purpose or that the claims are frivolous. Consequently, defendants' motion for sanctions must be denied.

## CONCLUSION

For the reasons expressed above, defendants' motion to dismiss will be granted with respect to plaintiffs' discrimination claims

(Counts II, IV and V), but denied with respect to plaintiffs'
retaliation claims (Counts I and III).  Defendants' motion for
sanctions will also be denied.  An appropriate order will be
entered.


Date: April 21, 2009                    s/ Noel L. Hillman

At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.