# EXHIBIT B

# Gloucester County Sheriff's Office
# PROCESS SERVICE ORDER

Sheriff's #    **S  117719**

Person/Corporation Served
**DAVID J. STROUT, JR C/O J & R DISCOUNT
LIQUOR GALLERY INC**

430 N BROAD ST
Woodbury, NJ

Defendant   J & R DISCOUNT LIQUOR GALLERY, INC,  AND DAVID J.
            STROUT, JR

I hereby depute and appoint

_____

to execute the within writ.

Witness by hand and seal this day November 21, 2008.

Carmel M. Morina

Carmel M. Morina
Sheriff

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| Maryann Cottrell and Richard Holland | )  |
|---|---|
| Plaintiff | ) |
| v. | ) |
| J&R Discount Liquor Gallery, Inc., et al. | ) |
| Defendant | ) |

Civil Action No.  08 - 5418 (NLH)

### Summons in a Civil Action

To: *(Defendant's name and address)*

David J Strout, Jr.
J&R Discount Liquor Gallery, Inc.
430 North Broad Street
Woodbury, NJ 08096

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

FRIEDMAN DOHERTY, LLC
125 NORTH ROUTE 73
WEST BERLIN, NJ 08091

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**WILLIAM T. WALSH**

Name of clerk of court

Date: 11/12/08

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 04/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____ .
by:

    (1) personally delivering a copy of each to the individual at this place, _____

    _____ ; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
        who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is

    _____ ; or

    (4) returning the summons unexecuted to the court clerk on _____ ; or

    (5) other (specify) _____

    _____

    _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____ .


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

# CIVIL COVER SHEET

%JS 44   (Rev. 12/07, NJ 5/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Maryann Cottrell and Richard Holland

## DEFENDANTS

J&R Discount Liquor Gallery, Inc., d/b/a J&R Liquors, and David J. Strout, Jr.

(b) County of Residence of First Listed Plaintiff   Gloucester

County of Residence of First Listed Defendant   Gloucester

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Wesley G. Hanna, Esquire, Friedman Doherty, LLC, 125 North Rt. 73, West Berlin, NJ 08091

Attorneys (If Known)

unknown

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  Federal Question (U.S. Government Not a Party)
- ☐ 3  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
(See instructions):

JUDGE                                DOCKET NUMBER

Explanation

DATE  11/3/09

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07 NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                        Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FRIEDMAN DOHERTY, LLC**
Wesley G. Hanna
WH-9019
125 North Route 73
West Berlin, New Jersey  08091
(856) 988-7777
Attorneys for Plaintiffs Maryann Cottrell and Richard Holland

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(Camden)**

| | | |
|---|---|---|
| MARYANN COTTRELL and RICHARD HOLLAND | : | Civil Docket No.  08-CU-5418(NLH) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | COMPLAINT |
| J&R DISCOUNT LIQUOR GALLERY, INC., | : | |
| D/B/A J&R LIQUORS; and DAVID J. | : | |
| STROUT, JR. | : | |
| | : | |
| Defendants. | : | |

Plaintiff, Maryann Cottrell, hereby complains against the Defendant as follows:

1.    Plaintiffs Maryann Cottrell ("Ms. Cottrell") and Richard Holland ("Mr. Holland") are New Jersey residents with an address at 31 S. Academy St., Glassboro, NJ 08028.

2.    Defendant J&R Discount Liquor Gallery, Inc., D/B/A  J&R Liquors, is a New Jersey corporation with a principal place of business located at 430 N. Broad Street, Woodbury, NJ 08096.

3.    Defendant David J. Strout Jr. is a New Jersey resident with an address at 241 Myrtle St., Woodbury, NJ 08096.

**JURISDICTIONAL STATEMENT**

4.    The grounds upon which this court has jurisdiction over the action is a federal question/federal statute governing the dispute between the parties pursuant to 28 U.S.C. § 1331. Plaintiffs allege violations of the Americans with Disabilities Act , 42 U.S.C. § 12101 et. seq. Plaintiffs seek injunctive relief, declaratory relief, attorney's fees, and

litigation expenses pursuant to 28 U.S.C. § 2201 and 42 U.S.C. §§ 2000a-3(a), 12182, 12183, 12188, 12203 and 12205.

5.    The grounds upon which this court has jurisdiction over Plaintiff's related state law claims is 28 U.S.C. § 1367. Each of these claims arise out the same acts and course of conduct as Plaintiff's Americans With Disabilities Act claims.

6.    Venue is properly laid in the Camden vicinage as this action involves Plaintiffs and Defendants located in Gloucester County, New Jersey.

## Background - Retaliation

7.    Ms. Cottrell is the mother of a severely disabled girl that requires constant care and supervision. Ms. Cottrell and Mr. Holland voluntarily share this responsibility.

8.    Ms. Cottrell is lawfully permitted to park her car in handicap accessible parking spaces reserved for disabled people.

9.    Ms. Cottrell and Mr. Holland have long been advocates for the disabled. Their advocacy efforts have placed them in the local and national media spotlight several times.

10.   As part of their advocacy efforts, Ms. Cottrell and Mr. Holland assess and document handicap access with the public accommodations that they come in contact with during their daily activities.

11.   Ms. Cottrell and Mr. Holland inform local authorities about businesses and public accommodations that fail to maintain handicap accessible parking and/or fail to discourage unauthorized use of handicapped parking spaces.

12.   Ms. Cottrell and Mr. Holland regularly sign citizen's complaints regarding handicapped parking violations. For example, Ms. Cottrell initiated the complaints regarding Philadelphia Eagles football players Donovan McNabb and Jevon Kearse using handicapped parking spaces at a local restaurant that was the subject of nationwide media coverage.

13.   Plaintiffs receive no money or personal gain, other than making handicapped parking available, from these complaints.

14.   Defendants operate a liquor store in Woodbury, New Jersey.

15.   Defendants' parking lot contained parking spaces reserved for people with disabilities ("reserved spaces"), access aisles, and/or passenger loading zones.

16.     On several occasions,  Ms. Cottrell and Mr. Holland visited Defendants business premises and observed vehicles parked in a reserved spaces, access aisle, and/or passenger loading zone.  The vehicles were not tagged for handicapped parking.  Rather, the vehicles included delivery trucks and other vehicles.

17.     Plaintiffs document Defendants blocking access to their handicap parking on several occasions by parking its own vehicles in the spaces, filing a citizens complaints against Defendants each time.

18.     Defendants interacted with Plaintiffs on several occasions, often attempting to intimidate them into ceasing their enforcement activities.  Through these interactions, Defendants learned of Plaintiffs role as a Ms. Cottrell's daughter's caregiver, and their need for handicapped accessible parking.

19.     Subsequent to Plaintiffs' enforcement activities, Defendants revoked Plaintiffs' status as business invitees and banned them from its premises.

20.     On November 3, 2006, Defendants sent a letter to Mr. Holland, expressly notifying him that he is no longer permitted access to their premises.  The letter further indicated that Defendants would file a trespassing complaint with the police in the event that Mr. Holland returned to Defendants' property.  The letter was signed by Defendant David J. Strout. Jr.. who identified himself as the Defendant's owner in the letter.

21.     On March 23, 2007, Defendants' attorney sent a letter to Ms. Cottrell's attorney, expressly notifying him that Ms. Cottrell is no longer permitted on their premises.

## Count I
### Retaliation In Violation of the Americans With Disabilities Act

22.     The above allegations are herein incorporated by reference.

23.     Defendants operate a sales and/or rental establishment.

24.     Defendants business premises are a public accommodations subject to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

25.     Defendants engaged in impermissible retaliation against Ms. Cottrell and Mr. Holland in violation of the ADA by revoking their status as business invitees and/or banning them from the premises.

*WHEREFORE*, Plaintiff requests judgment as follows:

a.  Declaring Defendants' attempt to revoke Ms. Cottrell's and Mr. Holland's status as business invitees and/or banning them from the premises constitutes unlawful retaliation under 42 U.S.C. § 12203;

b.  Declaring that Defendants' attempt to revoke Ms. Cottrell's and Mr. Holland's status as business invitees and/or banning them from the premises is void;

c.  Enjoining Defendants from initiating legal action or criminal complaints against Ms. Cottrell or Mr. Holland for entering upon Defendants' business premises or taking reasonable and good faith action to enforce the American With Disabilities Act;

d.  Awarding attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

## Count II
## Discrimination in Violation of the Americans With Disabilities Act

26.  The above allegations are herein incorporated by reference.

27.  Defendants knew or reasonably should have known that a failure to provide handicapped parking discriminated against Ms. Cottrell and Ms. Holland as a result of their association with a disabled person.

28.  Defendants engaged in impermissible discrimination against Ms. Cottrell in violation of the ADA by parking and/or maintaining a policy of allowing their officers, agents, employees, and/or customers park vehicles in parking spaces reserved for the disabled.

29.  Defendants engaged in impermissible discrimination against Ms. Cottrell and Mr. Holland in violation of the ADA by revoking their status as business invitees and/or banning them from the premises.

*WHEREFORE*, Plaintiff requests judgement as follows:

a.  Declaring Defendants acts and omissions constitute unlawful discrimination under 42 U.S.C. §§ 12182 and 12183;

b.  Enjoining Defendants' from continuing to discriminate against Plaintiffs and compelling Defendant to make alterations to their facilities and change their policies as necessary to make their facilities readily accessible and usable by individuals with disabilities to the maximum extent feasible;

c.   Awarding attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. §
     12205.

## Count III
### Retaliation in Violation of the Law Against Discrimination

30.   The above allegations are herein incorporated by reference.

31.   Defendants' business premises are public accommodations subject to the the Law
      Against Discrimination, N.J.S.A. 10:5-*1 et. seq.* ("LAD").

32.   Defendants engaged in impermissible retaliation against Ms. Cottrell and Mr. Holland in
      violation of the LAD by revoking their status as business invitees and/or banning them
      from the premises.

33.   Defendant David J. Strout, Jr. unlawfully aided and abetted Defendant J&R Liquors'
      retaliation against Ms. Cottrell and Mr. Holland by, on Defendant J&R Liquors' behalf,
      revoking their status as businesses invitees and/or banning them from the premises.

      *WHEREFORE*, Plaintiff requests judgment as follows:

      a.   Declaring Defendants' attempt to revoke Ms. Cottrell's and Mr. Holland's status
           as business invitees and/or banning them from the premises constitutes unlawful
           retaliation under N.J.S.A. 10:5-12(d);

      b.   Declaring that Defendants' attempt to revoke Ms. Cottrell's and Mr. Holland's
           status as business invitees and/or banning them from the premises is void;

      c.   Enjoining Defendant from initiating legal action or criminal complaints against
           Ms. Cottrell or Mr. Holland for entering upon Defendants' business premises or
           taking reasonable and good faith action to enforce the American With Disabilities
           Act;

      d.   Assessing a civil penalty pursuant to N.J.S.A. 10:5-14.1;

      e.   Awarding compensatory damages, punitive damages, attorney's fees, litigation
           expenses, and costs pursuant to N.J.S.A. 10:15-13; 10:5-27.1.

## Count IV

### Discrimination in Violation of the Law Against Discrimination

34.    The above allegations are herein incorporated by reference.

35.    Defendants engaged in impermissible discrimination against Ms. Cottrell in violation of the LAD by parking and/or maintaining a policy of allowing their officers, agents, employees, and customers park in reserved spaces.

36.    Defendants engaged in impermissible discrimination against Ms. Cottrell and Mr. Holland by in violation of the LAD by revoking their status as business invitees and/or banning them from the premises.

37.    Defendant David J. Strout, Jr. unlawfully aided and abetted Defendant J&R Liquors' discrimination against Ms. Cottrell and Mr. Holland by, on J&R Liquors' behalf, revoking their status as businesses invitees and/or banning them from the premises.

*WHEREFORE*, Plaintiff requests judgement as follows:

a.    Declaring Defendants acts and omissions constitute unlawful discrimination under N.J.S.A. 10:5-12;

b.    Enjoining Defendants' from continuing to discriminate against Plaintiffs and compelling Defendants to make alterations to their facilities and policies as necessary to make their facilities readily accessible and usable by individuals with disabilities to the maximum extent feasible;

c.    Declaring Defendants' attempt to revoke Ms. Cottrell's and Mr. Hollands' status as business invitees and/or banning them from the premises is void.

d.    Enjoining Defendant from initiating legal action or criminal complaints against Ms. Cottrell or Mr. Holland for entering upon Defendants' business premises or taking reasonable and good faith action to enforce the Law Against Discrimination;

e.    Assessing a civil penalty pursuant to N.J.S.A. 10:5-14.1;

f.    Awarding compensatory damages, punitive damages, attorney's fees, litigation expenses, and costs pursuant to N.J.S.A. 10:15-13; 10:5-27.1.

## Count V
## Violation of Plaintiff's Civil Rights

38. The above allegations are herein incorporated by reference.

39. The ADA establishes an individual substantive right not to be discriminated against on the basis of disability or a relationship with a person with a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation. 42 U.S.C. § 12182.

40. The ADA establishes an individual substantive right not to be discriminated against because of opposition to acts and practices unlawful under the ADA. 42 U.S.C. § 12203.

41. Te ADA establishes an individual substantive right not to be discriminated against for making a charge, testifying, assisting, or participating in any manner in an in a proceeding or hearing under the ADA. 42 U.S.C. § 12203.

42. New Jersey statute establishes an individual substantive right to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation without discrimination because of creed or disability. N.J.S.A. 10:5 The statute expressly provides that "this opportunity is recognized and declared to be a civil right." Id.

43. New Jersey statute establishes an individual substantive right to not be subject to reprisals for opposing practices and acts forbidden by the LAD. N.J.S.A. 10:5-12(d).

44. Defendants have deprived Plaintiffs of substantive rights secured by the laws of the United States and the State of New Jersey in violation of the New Jersey Civil Rights Act. N.J.S.A. 10:6-*1 et. seq.*

   *WHEREFORE*, Plaintiff requests judgement as follows:

   a. Declaring Defendants' acts and omissions constitute deprivations of Plaintiffs' civil rights pursuant to N.J.S.A. 10:6-2(c);

   b. Enjoining Defendants' from continuing to deprive Plaintiffs of their civil right to obtain all the advantages of their place of public accommodation and compelling Defendants to make alterations to their facilities and policies as necessary to make their facilities readily accessible and usable by individuals with disabilities to the maximum extent feasible.

   c. Declaring Defendants' attempt to revoke Ms. Cottrell's and Mr. Hollands' status as business invitees and/or banning them from the premises is void.

d.   Enjoining Defendant from initiating legal action or criminal complaints against Ms. Cottrell or Mr Holland for entering upon Defendants' business premises or taking reasonable and good faith action to enforce the Americans With Disabilities Act or the Law Against Discrimination.

e.   Assessing a civil penalty pursuant to N.J.S.A. 10:6-2(e).

f.   Awarding compensatory damages, attorney's fees, litigation expenses, and costs pursuant to N.J.S.A. 10:6-2(c) and (f).


                                            FRIEDMAN DOHERTY, LLC
                                            /s/Wesley G. Hanna

Date:   November 3, 2008                    _____
                                            Wesley G. Hanna
                                            WH-9019