# EXHIBIT C

JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Maryann Cottrell and Richard Holland

**DEFENDANTS**
J&D Discount Liquor Gallery, Inc., d/b/a J&D Liquors; and David J. Strout, Jr.

(b) County of Residence of First Listed Plaintiff   Gloucester

County of Residence of First Listed Defendant   Gloucester

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Wesley G. Hanna, Esquire, Friedman Doherty, LLC, 125 North Rt. 73, West Berlin, NJ 08091

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

unknown

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
(See instructions):

JUDGE

DOCKET NUMBER

Explanation:

DATE   7-24-09

SIGNATURE OF ATTORNEY OF RECORD   Wsley Hanna

**FRIEDMAN DOHERTY, LLC**
Wesley G. Hanna, Esquire
WH-9019
125 North Route 73
West Berlin, New Jersey 08091
(856) 988-7777
Attorneys for Plaintiffs Maryann Cottrell and Richard Holland

---

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### (Camden)

---

| | | |
|---|---|---|
| MARYANN COTTRELL and RICHARD HOLLAND | : | Civil Docket No. 08-cv-5418 (NLH) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | *First Amended* |
| | : | COMPLAINT |
| J&D DISCOUNT LIQUOR GALLERY, INC., | : | |
| D/B/A J&D LIQUORS; and DAVID J. | : | |
| STROUT, JR. | : | |
| | : | |
| Defendants. | : | |

---

Plaintiff, Maryann Cottrell, hereby complains against the Defendant as follows:

1.     Plaintiffs Maryann Cottrell ("Ms. Cottrell") and Richard Holland ("Mr. Holland") are New Jersey residents with an address at 31 S. Academy St., Glassboro, NJ 08028.

2.     Defendant J&D Discount Liquor Gallery, Inc., d/b/a J&D Liquors, is a New Jersey corporation with a principal place of business located at 430 N. Broad Street, Woodbury, NJ 08096.

3.     Defendant David J. Strout Jr. is a New Jersey resident with an address at 241 Myrtle St., Woodbury, NJ 08096.

## JURISDICTIONAL STATEMENT

4.     The grounds upon which this court has jurisdiction over the action is a federal question/federal statute governing the dispute between the parties pursuant to 28 U.S.C. § 1331. Plaintiffs allege violations of the Americans with Disabilities Act , 42 U.S.C. § 12101 et. seq. Plaintiffs seek injunctive relief, declaratory relief, attorney's fees, and

litigation expenses pursuant to 28 U.S.C. § 2201 and 42 U.S.C. §§ 2000a-3(a), 12182, 12183, 12188, 12203 and 12205.

5.  The grounds upon which this court has jurisdiction over Plaintiff's related state law claims is 28 U.S.C. § 1367. Each of these claims arise out the same acts and course of conduct as Plaintiff's Americans With Disabilities Act claims.

6.  Venue is properly laid in the Camden vicinage as this action involves Plaintiffs and Defendants located in Gloucester County, New Jersey.

## Background - Retaliation

7.  Ms. Cottrell is the mother of a severely disabled girl that requires constant care and supervision. Ms. Cottrell and Mr. Holland voluntarily share this responsibility.

8.  Ms. Cottrell is lawfully permitted to park her car in handicap accessible parking spaces reserved for disabled people.

9.  Ms. Cottrell and Mr. Holland have long been advocates for the disabled. Their advocacy efforts have placed them in the local and national media spotlight several times.

10.  As part of their advocacy efforts, Ms. Cottrell and Mr. Holland assess and document handicap access with the public accommodations that they come in contact with during their daily activities.

11.  Ms. Cottrell and Mr. Holland inform local authorities about businesses and public accommodations that fail to maintain handicap accessible parking and/or fail to discourage unauthorized use of handicapped parking spaces.

12.  Ms. Cottrell and Mr. Holland regularly sign citizen's complaints regarding handicapped parking violations. For example, Ms. Cottrell initiated the complaints regarding Philadelphia Eagles football players Donovan McNabb and Jevon Kearse using handicapped parking spaces at a local restaurant that was the subject of nationwide media coverage.

13.  Plaintiffs receive no money or personal gain, other than making handicapped parking available, from these complaints.

14.  Defendants operate a liquor store in Woodbury, New Jersey.

15.  Defendants' parking lot contained parking spaces reserved for people with disabilities ("reserved spaces"), access aisles, and/or passenger loading zones.

16.     On several occasions, Ms. Cottrell and Mr. Holland visited Defendants business premises and observed vehicles parked in a reserved spaces, access aisle, and/or passenger loading zone. The vehicles were not tagged for handicapped parking. Rather, the vehicles included delivery trucks and other vehicles.

17.     Plaintiffs document Defendants blocking access to their handicap parking on several occasions by parking its own vehicles in the spaces, filing a citizens complaints against Defendants each time.

18.     Defendants interacted with Plaintiffs on several occasions, often attempting to intimidate them into ceasing their enforcement activities. Through these interactions, Defendants learned of Plaintiffs role as a Ms. Cottrell's daughter's caregiver, and their need for handicapped accessible parking.

19.     Subsequent to Plaintiffs' enforcement activities, Defendants revoked Plaintiffs' status as business invitees and banned them from its premises.

20.     On November 3, 2006, Defendants sent a letter to Mr. Holland, expressly notifying him that he is no longer permitted access to their premises. The letter further indicated that Defendants would file a trespassing complaint with the police in the event that Mr. Holland returned to Defendants' property. The letter was signed by Defendant David J. Strout, Jr., who identified himself as the Defendant's owner in the letter.

21.     On March 23, 2007, Defendants' attorney sent a letter to Ms. Cottrell's attorney, expressly notifying him that Ms. Cottrell is no longer permitted on their premises.

## Count I
### Retaliation In Violation of the Americans With Disabilities Act

22.     The above allegations are herein incorporated by reference.

23.     Defendants operate a sales and/or rental establishment.

24.     Defendants business premises are a public accommodations subject to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

25.     Defendants engaged in impermissible retaliation against Ms. Cottrell and Mr. Holland in violation of the ADA by revoking their status as business invitees and/or banning them from the premises.

*WHEREFORE*, Plaintiff requests judgment as follows:

a. Declaring  Defendants' attempt to revoke Ms. Cottrell's and Mr. Holland's status as business invitees and/or banning them from the premises constitutes unlawful retaliation under 42 U.S.C. § 12203;

b. Declaring that Defendants' attempt to revoke Ms. Cottrell's and Mr. Holland's status as business invitees and/or banning them from the premises is void;

c. Enjoining Defendants from initiating legal action or criminal complaints against Ms. Cottrell or Mr. Holland for entering upon Defendants' business premises or taking reasonable and good faith action to enforce the American With Disabilities Act;

d. Awarding attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

## Count II
### Retaliation in Violation of the Law Against Discrimination

26. The above allegations are herein incorporated by reference.

27. Defendants' business premises are public accommodations subject to the the Law Against Discrimination, N.J.S.A. 10:5-*1 et. seq.* ("LAD").

28. Defendants  engaged in impermissible retaliation against Ms. Cottrell and Mr. Holland in violation of the LAD by revoking their status as business invitees and/or banning them from the premises.

29. Defendant David J. Strout, Jr. unlawfully aided and abetted Defendant J&R Liquors' retaliation against Ms. Cottrell and Mr. Holland by, on Defendant J&R Liquors' behalf, revoking their status as businesses invitees and/or banning them from the premises.

*WHEREFORE*, Plaintiff requests judgment as follows:

a. Declaring  Defendants' attempt to revoke Ms. Cottrell's and Mr. Holland's status as business invitees and/or banning them from the premises constitutes unlawful retaliation under N.J.S.A. 10:5-12(d);

b. Declaring that Defendants' attempt to revoke Ms. Cottrell's and Mr. Holland's status as business invitees and/or banning them from the premises is void;

c. Enjoining Defendant from initiating legal action or criminal complaints against

Ms. Cottrell or Mr. Holland for entering upon Defendants' business premises or taking reasonable and good faith action to enforce the American With Disabilities Act;

d. Assessing a civil penalty pursuant to N.J.S.A. 10:5-14.1;

e. Awarding compensatory damages, punitive damages, attorney's fees, litigation expenses, and costs pursuant to N.J.S.A. 10:15-13; 10:5-27.1.


FRIEDMAN DOHERTY, LLC
/s/Wesley G. Hanna

Date: July 23, 2009

_____

Wesley G. Hanna
WH-9019